### JACOB VANMETER'S ADM'R *v.* JAMES WELLS.

**Partnership—Agency.**

> Where a mortgage is given by one partner on his individual property, and there is no averment showing that this individual liability was created on account of the partnership or authorized by the other partner, it is the debt of the mortgagor alone, and his partner cannot be held therefor.

#### APPEAL FROM EDMONSON CIRCUIT COURT.

February 23, 1877.

OPINION BY JUDGE PRYOR:

A mortgage was given by Bailey alone and in his individual right to secure the debt of $315.47, and there is no allegation showing that this individual liability was created on account of the partnership, or any statement showing that Vanmeter ever authorized its execution. If he agreed to pay it as the debt of Bailey it is within the statute of frauds, and if it was really the debt of Vanmeter the pleader should have stated for what it was executed, and the manner in which Vanmeter was interested in it, in order to fix his liability. When the evidence of the debt shows it to be the debt of Bailey, a mere statement that it was the proper debt of Vanmeter, or that it was the balance due on a settlement with Vanmeter, is insufficient to fix the liability. The facts should be stated so that the court might determine in what manner Vanmeter became liable for Bailey's debt, for debts for which the parties had taken Bailey's individual obligation.

As to the lost note for $178.00 the same objection may be argued. There is no allegation in the paragraph of the answer that Bailey was authorized to sign the note for Vanmeter, or that Vanmeter derived any benefit therefrom. The price of the horse sold Bailey

and for which judgment was obtained by the appellee's intestate rendered no claim against appellant's intestate. The note was given by Bailey in his own name, and judgment obtained against him, and the only statement from which Vanmeter's liability arises is that he received the benefit and proceeds of said horse, and that it was his own proper debt. The other paragraphs in the answer present no cause of action for the reasons already stated, and the appellant was entitled to a judgment on the pleadings.

But if not entitled to a judgment, and conceding the answer to present a defense, it is manifest that the note said to be lost has been paid off. The evidence of Bailey shows that the party had secured a credit on the books of the firm for an amount more than sufficient to pay it, and his vague recollection as to dates and amounts, and his alternative statements as to the consideration or payment of the note, add but little strength to appellee's case. The note was given for tobacco and Wells was credited by tobacco in the year 1858 for about $180, and if it were the crop for which the note was given, it has been paid, so states appellee's witness, in 1861. Wells was indebted to the firm in the sum of $164, and long after this note is alleged to have been executed, he, the appellee, executed to Vanmeter the note for $65.00. There is no doubt but that the note has been paid. As to the judgment for the horse, it is not pretended that any credit was ever given to Vanmeter. Bailey's own note was taken for the purchase price and judgment obtained upon it, and there can be no reason for making Vanmeter's estate liable.

During the whole period that these claims were held by the appellee, Vanmeter was perfectly solvent. The appellee, with these several debts against Vanmeter, as he insists, the most of them evidenced by Bailey's signature, and none signed by Vanmeter himself, takes individual mortgages from Bailey to secure them, and seeks to recover of him by attempting to enforce a penal judgment. It is a little remarkable that the agent would be pursued in this way with a principal entirely solvent, and so far as the record shows, always in a condition to pay his debts. It was not proper to foreclose the mortgage because it appears that Vanmeter had purchased the property to satisfy the lien upon it. The conveyance and agreement with Vanmeter by Bailey did not make the former liable for Bailey's individual debts, nor the property therein conveyed. The object was to secure what Bailey owed Vanmeter, and to save Vanmeter harmless from the debts of others where Vanmeter had been made liable by reason of Bailey's agency. That he was agent of Vanmeter in all

these business transactions had on his, Bailey's, private account, and that Vanmeter promised to pay these debts, is refuted by all the circumstances in the case, and the promises and agreements by Vanmeter to pay applied alone to the debts for which he, Vanmeter, was legally liable.

The judgment below is *reversed* and cause remanded with directions to dismiss  the appellee's set-off, leaving to appellant a judgment for his notes.

*T. B. McIntyre, for appellant.*

*Conklin & McBeath, for appellee.*